**A. A. Mueller, Appellant, v. Howard Aircraft Corporation, Appellee.**

**Gen. No. 43,853.**

Opinion filed November 19, 1946. Released for publication December 3, 1946.

McCarthy, Toomey & Reynolds, of Chicago, for appellant; Frank A. McCarthy and John E. Toomey, both of Chicago, of counsel.

Gottlieb, Schwartz & Friedman, of Chicago, for appellee; H. R. Begley, of Chicago, of counsel.

Mr. Presiding Justice Sullivan delivered the opinion of the court.

This appeal by A. A. Mueller, plaintiff, seeks to reverse a judgment order which denied his motion for summary judgment and dismissed his suit and allowed the motion of defendant, Howard Aircraft Corporation, for summary judgment and entered judgment in its favor and against plaintiff for costs.

There is no dispute as to the material facts set forth in the affidavits filed in support of the motions made by both parties for summary judgments. On or about May 1, 1941 the Howard Aircraft Corporation issued in various denominations $100,000 in Five Year Con-

vertible Income Debentures, payable to bearer on May 1, 1946 at the office of the Metropolitan Trust Company in Chicago. Plaintiff was the holder of one of these debentures in the principal amount of $1,000 on January 18, 1946 and had been the holder thereof for four years prior to said date. The debenture provided that it might be redeemed by the Howard Aircraft Corporation at any time before its maturity and it also provided that "the holder of this debenture may at any time prior to redemption hereof, and if not redeemed, at any time prior to the maturity hereof, upon the surrender to the Company of this debenture accompanied by all unpaid interest coupons, convert this debenture into full paid and non-assessable shares of the common stock of the Company, par value $1.00 per share, on the basis of one share of such stock for each $1.00 in principal amount of this debenture."

The material provisions of the debenture pertaining to its redemption are as follows:

"The Company may at its option redeem this debenture at any time hereafter upon payment of the principal amount hereof, plus a premium of five per cent (5%) of such principal amount, plus any unpaid interest payable for any fiscal year ended prior to the date of redemption, plus interest at the rate of five per cent (5%) per annum upon such principal amount for the period from the first day of the fiscal year in which redemption is so made to the date of redemption, . . . provided that notice of such redemption, stating the time and place of redemption, shall be published at least once each week for four (4) successive weeks prior to the redemption date in a daily newspaper of general circulation published in Chicago, Illinois. Thereupon this debenture shall become due and payable at the time and place designated for redemption in such notice, and payment of the redemption price shall be paid to the bearer of this debenture

upon presentation and surrender thereof and of all unpaid interest coupons annexed hereto. Unless default shall be made in the redemption of this debenture upon such presentation, interest on this debenture shall cease from and after the date of redemption so designated. If the amount necessary to redeem this debenture shall have been deposited with the Metropolitan Trust Company . . . and if the notice of redemption shall have been duly published as aforesaid, this debenture shall be conclusively deemed to have been redeemed on the date specified for redemption, and all liability of the Company hereon shall cease on such date and all rights of the holder of this debenture, except the right to receive the redemption price out of the moneys so deposited, shall cease and terminate on such date.''

On October 23, 1945, October 30, 1945, November 6, 1945 and November 23, 1945, the defendant caused to be published in the Chicago Journal of Commerce the following notice:

''Notice is hereby given that the Five Year Convertible Income Debentures due May 1, 1946, of Howard Aircraft Corporation have been called for redemption at 110% of the principal amount thereof and will be redeemed at the office of the Metropolitan Trust Company, 11 South LaSalle Street, Chicago, Illinois, on November 26, 1945. From and after November 26, 1945, the holders of said Debentures will have no conversion rights or any other rights, except to receive redemption price.''

Apparently unaware of the publication of defendant's redemption notice, plaintiff presented his debenture to the Howard Aircraft Corporation for conversion into 1000 shares of its common stock on January 17, 1946 and was informed that the conversion could not be made because said corporation had effected a redemption of its outstanding debentures on

November 26, 1945 by reason of its publication of the aforesaid notice. Later the same day, January 17, 1946, plaintiff presented his debenture to the Metropolitan Trust Company and demanded payment of the redemption price of same in accordance with the redemption notice. Daniel J. Healy, vice president of the Metropolitan Trust Company, told plaintiff that payment was refused at that time by the trust company for no other reason than that the money to be used for the redemption had not been deposited with it by the defendant corporation or by any one in its behalf. Plaintiff was also told by Mr. Healy that the amount necessary to redeem the debenture had never been deposited with the Metropolitan Trust Company either prior or subsequent to the redemption date, November 26, 1945. On the following day, January 18, 1946, plaintiff again presented his debenture to the Howard Aircraft Corporation with a written demand on it to convert the same into 1000 shares of its common stock. Defendant refused to accept the debenture and effect the conversion thereof, claiming that it had been redeemed on November 26, 1945.

When plaintiff presented his debenture to the Metropolitan Trust Company for immediate payment on January 17, 1946, Mr. Healy told him to leave it with said trust company, which would make a requisition on defendant for the funds necessary to pay it. After the defendant corporation received plaintiff's written demand on January 18, 1946 for the conversion of his debenture into its common stock, Ray T. Haas, the president of said corporation, told plaintiff in a telephone conversation that his demand for conversion could not be recognized because his debenture had been redeemed on November 26, 1945 and offered to pay him the redemption price of same. The parties stipulated that the market value of the common stock of the Howard Aircraft Corporation on January 18, 1946 was $3.75 a share. Plaintiff claims that he is

entitled to recover $3,750 by way of damages from the defendant corporation because of the latter's wrongful refusal to convert his debenture into 1000 shares of its common stock.

Plaintiff contends that "publication in a newspaper of defendant's intention to redeem its outstanding debentures without depositing the money for such purpose was not a compliance with the contract between the parties and therefore did not constitute a valid redemption of plaintiff's debenture."

Defendant's position is that "the publication by the defendant of the notice of redemption in a newspaper of general circulation stating the time and place of redemption, without depositing the redemption money, was sufficient under the terms and provisions of the subject debenture to effect a valid and binding redemption of the debenture held by the plaintiff."

There is no question as to the propriety of the notice of redemption published by defendant but plaintiff insists that his debenture required as a condition precedent to its valid redemption that the money necessary to pay defendant's indebtedness to him should have been deposited with its designated paying agent, the Metropolitan Trust Company, prior to November 26, 1945, when the outstanding debentures were called for redemption. The defendant argues that under the terms of the debenture it was not required "to deposit the redemption money with the Metropolitan Trust Company prior to the redemption day in order to make a valid redemption of the debentures." The determination of the sole issue thus presented rests entirely on the interpretation that should be given to the applicable provisions of the debenture contract. Both parties assert that the provisions of the debenture in regard to redemption are clear and unambiguous and therefore the meaning of such provisions "must be determined from the words used and from no other source." *Abingdon Bank & Trust Co. v. Bulkeley*, 390 Ill. 582.

It will be noted that the first sentence of the paragraph of the debenture in regard to redemption, heretofore set forth, afforded the defendant the option to redeem and specified the terms upon which it might redeem and the requirements of the notice of redemption and the publication thereof. The next sentence of said paragraph reads: ''Thereupon this debenture shall become due and payable at the time and place designated for redemption in such notice, and payment of the redemption price shall be paid to the bearer of this debenture upon presentation and surrender thereof. . . .'' The sole basis of defendant's contention that the mere publication by it of the notice of its intention to redeem effected a valid redemption of plaintiff's debenture on November 26, 1945 is the use of the word *''surrender''* in the foregoing sentence. In other words, it asserts that the word ''surrender,'' used as it was, immediately following the words ''presentation and'' can only be reasonably interpreted to mean that plaintiff was not entitled to be paid the redemption price of his debenture upon presentation thereof to the Metropolitan Trust Company for payment but that he was required not only to present such debenture for payment but to surrender it for collection to the Metropolitan Trust Company, which would then procure the funds necessary for its payment by requisition on the defendant. The parties to the debenture contract could not have contemplated that any such meaning would be attributed to the sentence under consideration or to any of the words contained therein. The language in which such sentence is phrased is simple, plain and readily understandable. It clearly states that ''this debenture shall become due and payable at the time [November 26, 1945] and place [Metropolitan Trust Company] designated for redemption.'' It then just as clearly states that ''payment of the redemption price shall be paid to the bearer of this debenture upon presentation and sur-

render thereof." The presentation of the debenture to the Metropolitan Trust Company for payment, the payment of the redemption price by the Metropolitan Trust Company upon such presentation and the surrender of the debenture to the Metropolitan Trust Company for cancellation after it had been paid were unquestionably intended to be mutual and concurrent acts. Plaintiff was certainly not required under the redemption provisions of the debenture to surrender same to the Metropolitan Trust Company for collection from the defendant.

The next sentence of the paragraph in question reads: "Unless default shall be made in the redemption of this debenture upon such presentation [not surrender], interest on this debenture shall cease from and after the date of redemption so designated." This sentence can only mean that if defendant had deposited funds prior to November 26, 1945 with the Metropolitan Trust Company for the redemption of its outstanding debentures upon their presentation on and after said date, it would be relieved from paying interest on said debentures after the redemption date.

That the construction of the redemption provisions of the debenture contract for which defendant contends is farfetched and unreasonable is clearly demonstrated by the sentence contained therein which reads: "If the amount necessary to redeem this debenture shall have been deposited with the Metropolitan Trust Company . . . and if the notice of redemption shall have been duly published as aforesaid, this debenture shall be conclusively deemed to have been redeemed on the date specified for redemption, and all liability of the Company hereon shall cease on such date and all rights of the holder of this debenture, except the right to receive the redemption price out of the moneys so deposited, shall cease and terminate on such date." The language used in this sentence requires no construction, since it is as clear a statement

as could be made that if the redemption price was deposited with the Metropolitan Trust Company and notice of redemption duly published, the debenture "shall be conclusively deemed to have been redeemed." The converse must necessarily follow, that if defendant did not deposit the redemption price or did not make the required publication of notice of its intention to redeem, then the debenture shall *not* be deemed to have been redeemed.

In our opinion no other reasonable interpretation of the redemption provisions of plaintiff's debenture is possible than that the defendant corporation could not effect a valid redemption thereof unless it made the required publication of notice of its intention to redeem and unless it deposited with its designated paying agent, the Metropolitan Trust Company, prior to November 26, 1945, the redemption date, sufficient funds to pay plaintiff the redemption price of his debenture.

Plaintiff's option to convert his debenture into common stock of the defendant corporation represented a substantial right, as did defendant's option to redeem said debenture. Therefore in order for defendant to deprive plaintiff of his right to convert, it was required to exercise its option to redeem in strict conformity with the redemption provisions of the debenture contract. This it did not do.

Defendant argues that it did not refuse to pay plaintiff the redemption price of his debenture. It is sufficient answer to this argument to state that plaintiff had the right to have his debenture redeemed in accordance with its terms.

Since defendant did not effect a valid redemption of plaintiff's debenture, it follows that there was no redemption of same and the rights of the parties were the same as they were before the publication of the notice by Howard Aircraft Corporation of its intention to redeem. Therefore plaintiff properly exercised his right to convert his debenture on January 18,

1946, which was prior to the date of its maturity, and the wrongful refusal of defendant to comply with his demand for conversion constituted a breach of the debenture contract. In *Denney v. Cleveland & P. R. Co.*, 28 Ohio St. 108, in passing upon the right of a bondholder to sue for damages for failure to convert his bond into stock upon his demand, the court said at pp. 112–113:

"Or, 3. He (the bondholder) might stand upon and abide by the election and demand already made, and on his right to convert the bond into capital stock; and might by action recover, by way of damages for the breach of the contract, the full market value of the stock wrongfully withheld from him. But such recovery would be a bar to any other or further suit on the bond; and the payment of such damages would place the defendant in the same legal position as though the stock had been issued upon demand."

Inasmuch as plaintiff had the right to have his debenture converted into 1000 shares of common stock of the Howard Aircraft Corporation and the market value of such stock was $3.75 a share on January 18, 1946, when he made his demand for conversion, he is entitled to recover $3,750 as damages and interest on said amount at the rate of 5 per cent per annum from said date.

For the reasons stated herein the judgment order of the circuit court of Cook county is reversed *in toto* and the cause is remanded with directions to deny defendant's motion for summary judgment, to allow plaintiff's motion for summary judgment and to enter judgment in favor of plaintiff and against defendant for $3,750 with interest on said amount at the rate of 5 per cent per annum from January 18, 1946.

*Judgment order reversed and cause remanded with directions.*

FRIEND and SCANLAN, JJ., concur.